(20 Misc. Rep. 227.)

### JAECKER v. MULLER.

(City Court of New York, General Term. May 11, 1897.)

TRUSTS—ACTION AGAINST TRUSTEE—JURISDICTION.

    An action to recover money deposited by plaintiff's mother, for plaintiff's benefit, with defendant's mother, and delivered by her to defendant, with notice of the purpose for which it was held, involves the liability of a trustee to account for trust funds, and can be maintained only in a court having equity jurisdiction.

Appeal from trial term.

Action by Annie Jaecker, individually and as administratrix of Annie Maria Jaecker, deceased, against Leon Edward Muller. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

In about the year 1876, one Mrs. Jaecker, the plaintiff's mother, deposited the sum of $300 with her friend, Mrs. Muller, who was the defendant's mother, to be kept safely for her two infant children, Annie Jaecker and Albert Jaecker, and to be paid to them when they became 21 years of age. Soon after this

was done, Mrs. Jaecker died, and about 1881, and before Mrs. Jaecker's chil-
dren had become of age, Mrs. Muller died, having previously delivered over
the money to her son, the defendant, who had knowledge of the purposes for
which it was held. In 1886, Albert Jaecker, one of the beneficiaries, died. In
1893, when the surviving beneficiary, the plaintiff, became of age, she made
a demand for this money upon the defendant, who refused to pay it, and this
action was accordingly brought against him by the plaintiff individually and
as administratrix of her mother's estate, to recover the full amount due. Upon
the trial it appeared that $150 of this money had been deposited in a bank, and
had earned up to 1890 the sum of $93.77 interest, and also that a part of the
principal sum had been used by the defendant in his business. The judge
charged the jury that if they found that the defendant had received this
money from his mother, to hold for Mrs. Jaecker's children, he was liable to
the plaintiff for the full amount, together with whatever sum the money had
earned up to the time the plaintiff became 21 years of age, and with legal in-
terest from that time when it became payable, and when the plaintiff made a
demand for it. The jury rendered a verdict for the plaintiff for the sum of
$300, and with $72 interest for the time since the plaintiff became 21, and
allowed interest of $93 on the bank deposit of $150, and an equal amount on
the remaining $150; making a total of the sum of $558. From the judgment
entered on this verdict, and the order denying his motion for a new trial, the
defendant appeals.

Argued before VAN WYCK, C. J., and FITZSIMONS and McCAR-
THY, JJ.

Robert Goeller, for plaintiff.
O. W. Beals, for defendant.

FITZSIMONS, J.   The motion made by the defendant's attorney
to dismiss the complaint on the ground that it does not state facts
sufficient to constitute a cause of action should have been granted.
The complaint and proof of plaintiff herein shows that the plaintiff,
as a cestui que trust, brought this action against the defendant to
require him, as a trustee, to account for the fund in question intrusted
to his care. · The complaint and the evidence clearly and conclusively
show that no cause of action is either alleged against or proven
against the defendant as an individual, and therefore the complaint
should have been dismissed. The defendant, according to the com-
plaint and plaintiff's evidence, was appointed a trustee, and any per-
son (including the plaintiff) whose right it was to call the defendant
to account for his doings as such trustee should have done so in a
court of equity. This court has no jurisdiction over trustees, nor has
it jurisdiction in actions requiring trustees to account for their
stewardship. The enforcement of trusts and of the many rights in-
cident thereto is of necessity altogether within the jurisdiction of
courts of equity. Indeed, it is difficult to conceive a case directly in-
volving, as this one does, the administration of a trust of which a
court of common law, as this court is, could properly take cognizance.
The enforcement of trusts and trust obligations, and the existence of
a fiduciary relationship, are questions which fall naturally within
the primary and exclusive jurisdiction of equity courts (see 27 Am.
& Eng. Enc. Law, p. 271; McCartney v. Bostwick, 32 N. Y. 57), as
we view this matter.

Under the circumstances the plaintiff cannot recover a judgment
in this court, and a new trial to her would be useless, and a waste of
time; therefore the judgment must be reversed, and the complaint
herein dismissed. All concur.