(54 Misc. 121)

### JOHN C. ORR CO. v. CUSHMAN.

(City Court of New York, Special Term. April, 1907.)

COURTS—CITY COURT—JURISDICTION—ACTION AGAINST RECEIVER.

Code Civ. Proc. § 315, subd. 1, provides that the City Court of the City of New York shall have jurisdiction of an action against a natural person or against a foreign or domestic corporation wherein the complaint demands judgment for a sum of money only. Section 316 formerly provided that the court should not have jurisdiction of an action commenced against an executor or administrator in his representative capacity. Laws 1879, p. 601, c. 542. This limitation was removed by Laws 1889, p. 609, c. 441. *Held*, that the City Court has jurisdiction to entertain actions against natural persons, not only individually, but also in their representative capacity, and hence had jurisdiction of an action against a receiver for goods sold to him for use in carrying on the business as such receiver.

Action by the John C. Orr Company against Avery F. Cushman. Demurrer to complaint overruled.

Charles T. Terry, for plaintiff.
Benedict & Benedict, for defendant.

WADHAMS, J. This action is brought to recover the sum of $1,114.80 for goods sold and delivered. The defendant demurs to the complaint on the ground that the court has not jurisdiction of the person of the defendant. The question presented is whether the City Court of the City of New York has jurisdiction in an action against the receiver of a domestic corporation.

The nature of the cause of action may be important; for, if the action concerns the obligations of the office, which could be enforced only by a court of equity, this court would be without jurisdiction. It appears by the allegations of the complaint that in September, 1906, the defendant was duly appointed temporary receiver of the property of the Brown & Fleming Contracting Company, a domestic corporation, in an application instituted by its creditors in bankruptcy, and was given authority to conduct the business of the company. Thereafter he qualified, and subsequently, between October 1st and December 19th, while he was conducting the business, plaintiff sold and delivered to him, as receiver of the company, certain lumber, for the purchase price of which this action is brought. An action against a receiver appointed by the federal courts may be brought in any court otherwise having jurisdiction of the action, without previous leave of the court appointing the receiver, where the action originates in any act or transaction of the receiver in carrying on the business connected with the property of which he is receiver. Act Cong. March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 514], as corrected by Act Aug. 13, 1888, c. 866, 25 Stat. 443 [U. S. Comp. St. 1901, p. 508]; Texas, etc., R. Co. v. Johnson, 151 U. S. 81, 101, 14 Sup. Ct. 250, 38 L. Ed. 81. The action here arose out of a sale to the receiver in carrying on the business, and demands the recovery of a sum of money only. Section 315, subd. 1, of the Code of Civil Procedure provides:

"The jurisdiction of the City Court of the City of New York extends to the following cases: (1) An action against a natural person, or against a foreign or domestic corporation, wherein the complaint demands judgment for a sum of money only."

The defendant contends that, as a receiver is neither a natural person nor a corporation, the court has no jurisdiction. Blackstone says:

"Persons are divided by law into natural and artificial. Natural persons are such as the God of nature formed us. Artificial are such as are created and devised by human laws for the purposes of society and government, which are called corporations or bodies politic." 1 Bl. Com. 123.

Abbott's Law Dictionary, vol. 2, at page 151, gives the following definition:

"Natural person—A man, woman, or child, as opposed to a corporation, which has a certain personality impressed upon it by law and is called an artificial person."

The defendant in this action is a natural person. He is no less a natural person because he is sued in a representative capacity. A receiver is defined as "a person appointed by a court to take into his custody, control, and management the property or funds of another pending judicial action concerning them." Standard Dict. of the Eng Language, vol. 2, p. 1489.

The distinction must be drawn between an action against the person as receiver and an action involving the equitable obligations of the receiver by reason of his office toward the beneficiaries whom he represents. It has frequently been held that this court has no jurisdiction to enforce equitable obligations arising by reason of the fiduciary relationship. So it was held in Jaecker v. Muller, 20 Misc. Rep. 227, 45 N. Y. Supp. 415, that this court has no jurisdiction to compel a trustee to account for his stewardship, and in Hunt v. Genet, 6 N. Y. St. Rep. 275, that this court has no jurisdiction to construe a trust and oust the trustee. But, as stated in Crane v. Crane, 46 N. Y. St. Rep. 569, 19 N. Y. Supp. 691:

"All causes of action are * * * within the jurisdiction of this court, where the relief is pecuniary only, * * * and where the action is not one requiring equitable relief for the complete disposition of the controversy, as this court has no chancery jurisdiction or equitable powers."

This action does not involve any equitable relief, but demands a money judgment only. In such case this court has already recognized that it has jurisdiction in actions against natural persons sued in a representative capacity. In Winter v. Hamm, 5 Civ. Proc. R. 195, it was held upon demurrer that the court had jurisdiction in an action against the defendant sued as treasurer of an unincorporated association. In Matter of Knoop, 33 N. Y. St. Rep. 984, 11 N. Y. Supp. 773, it was held that this court had jurisdiction of actions against executors and administrators, since the enactment of chapter 441, p. 609, of the Laws of 1889, which removed an express limitation and restriction that had previously existed. Section 316 of the Code of Civil Procedure, before such repealing law, contained a third subdivision which read:

"The court has not jurisdiction of an action commenced against an executor or administrator in his representative capacity." Chapter 542, p. 601, Laws 1879.

This restriction clearly indicates that subdivision 1 of section 315 conferred by its terms upon the City Court jurisdiction to entertain actions against natural persons, not only individually, but also in their representative capacities, in the absence of any limitation or restriction; otherwise, the express restriction formerly contained in section 316 would have been unnecessary.

Demurrer overruled, with leave to plead over upon payment of costs.